# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LAVERN BASSLER,

    Plaintiff,                              Case No. 19-10385
                                               HON. MARK A. GOLDSMITH

SAGINAW CORRECTIONAL FACILITY, et. al.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff is an inmate confined at the Saginaw Correctional Facility in Freeland, Michigan. On February 12, 2019, Magistrate Judge R. Steven Whalen signed an order of deficiency, requiring plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund account, a signed certification of his prison trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed plaintiff to pay the three hundred and fifty ($ 350.00) dollar filing fee, plus the $ 50.00 administrative fee, in full. Plaintiff was given thirty days to comply with the order.

On February 22, 2019, plaintiff provided this Court with a copy of the application to proceed without prepayment of fees. Plaintiff, however, has failed to provide this Court with a written authorization to withdraw funds from his prison trust fund account. Plaintiff also failed to file a certified trust account statement, nor did he provide the court with a current

1

computerized trust fund statement of account showing the history of the financial transactions in the institutional trust fund account for the past six months.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. See also McGore v. Wrigglesworth, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. McGore v. Wrigglesworth, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." Id. The district court must then order that the case be dismissed for want of prosecution. Id.

Plaintiff's application to proceed without prepayment of fees and costs is initially deficient because he failed to file an authorization to withdraw funds. The moment plaintiff filed the complaint, he became responsible for the filing fee and waived any objection to the withdrawal of funds from his prison trust fund account to pay court fees and costs. Id. at 605. Plaintiff's application to proceed without prepayment of fees or costs is deficient and subject to dismissal because it lacks the requisite authorization form. See Lindsey v. Roman, 408 F. App'x. 530, 533 (3rd Cir. 2010).

Plaintiff's complaint is also subject to dismissal because he failed to correct the deficiency by providing the Court with a certified account statement as well as a copy of his computerized prison trust fund account for the past six months. See Davis v. United States, 73 F. App'x. 804, 805 (6th Cir. 2003). [1]

The Court dismisses the complaint without prejudice for want of prosecution based upon Plaintiff's failure to fully comply with the deficiency order. See e.g. Erby v. Kula, 113 Fed. App'x. 74, 75-76 (6th Cir. 2004). The Court also denies the motion for the appointment of counsel (Dkt. 7).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order precludes plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

SO ORDERED.

Dated: April 3, 2019          s/Mark A. Goldsmith
       Detroit, Michigan          MARK A. GOLDSMITH
                                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 3, 2019.

                                                     s/Erica Karhoff for Karri Sandusky
                                                     Case Manager

---

[1] Plaintiff's original "Motion to File Under Pauperis" (Dkt. 2) was deficient for the same reasons.